# IN THE COURT OF APPEALS OF IOWA

————————

No. 25-1400
Filed July 22, 2026

————————

**In re the Marriage of Brooke Duke and Katelyn Dawson**

Upon the Petition of
**Brooke Duke,**
Petitioner–Appellee,

And Concerning
**Katelyn Dawson,**
Respondent–Appellant.

————————

Appeal from the Iowa District Court for Black Hawk County,
The Honorable Andrea J. Dryer, Judge.

————————

**AFFIRMED**

————————

Karmen R. Anderson, Des Moines, attorney for appellant.

Kevin D. Engels of Correll, Sheerer, Benson, Engels, Galles & Demro,
PLC, Cedar Falls, attorney for appellee.

————————

Considered without oral argument
by Tabor, C.J., and Chicchelly and Sandy, JJ.
Opinion by Chicchelly, J.

1

**CHICCHELLY, Judge.**

This appeal involves the economic terms of the dissolution decree terminating the marriage of Brooke Duke and Katelynn Dawson. Dawson appeals the district court's valuation and division of a home she purchased prior to the marriage. Additionally, Duke requests appellate attorney fees for her defense of this appeal. Upon our review, we affirm the district court's property division and award appellate attorney fees.

## BACKGROUND FACTS AND PROCEEDINGS

Duke and Dawson were married in May 2016 and separated in August 2022. At the time of trial, Duke was thirty-three years old and Dawson was thirty-eight. The parties have one child who was born in 2018.

Duke is a high school graduate who worked as a self-employed piano teacher—earning $10,202[1] in 2022 and $14,788 in 2023. In early 2025, Duke began to work as a secretary earning an hourly rate of fourteen dollars while also enrolling as a part-time student at the University of Northern Iowa.

Dawson worked for fifteen years as a bus driver for the City of Ames until March 2026 when she quit due to anxiety, depression, and insomnia. During the last five years of this employment, Dawson earned between $42,565 and $55,237. In February 2025, Dawson began a new job as a paratransit operator. The district court calculated Dawson's new wage to be $37,552.

The marital residence was purchased by Dawson in 2010 for $144,000. At the time of trial, the assessed value of the residence was $276,800.

---

[1] Like the district court, we use rounded whole numbers throughout this opinion for ease of reading.

Though Dawson brought the residence into the marriage, Duke's family assisted in the improvement of the residence. Duke's father, who is a contractor, installed lighting within the home, remodeled the basement, fixed venting, and remodeled a bathroom. Duke made financial contributions to these renovations.

Dawson also is the sole member of a company used to purchase investment properties. The company purchased an Ames, Iowa investment property that provided rental income to the parties during the marriage. The property was sold in 2022. Duke did not contribute to the rental property or its management.

Both the marital residence and the investment property were purchased in part using gift funds from Dawson's father. The funds originated from an inheritance left for Dawson's father from Dawson's grandfather. Dawson's sister received an equivalent payment from the inheritance funds.

The parties reached a partial stipulation where they agreed that neither party should be required to pay spousal support. Additionally, they agreed that Duke should be awarded physical care of their child. The district court approved the stipulation. Additionally, the court ordered Dawson to pay $538 per month in child support and $156 per month in medical support for the child. Duke was also awarded 50% of Dawson's IPERS retirement plan. The parties' vehicles, bank accounts, personal property, and debts were also divided by the district court. Dawson was allowed to keep the marital home, and Duke received a lump sum payment of $57,536 from Dawson to make the overall property division equitable.

Dawson now appeals.

## STANDARD OF REVIEW

Because dissolutions of marriage are equitable proceedings, our review is de novo. *In re Marriage of Mauer*, 874 N.W.2d 103, 106 (Iowa 2016). We give weight to the factual findings of the district court, especially when considering the credibility of witnesses, but are not bound by them. *Id*. We will disturb those findings only if they fail to do equity. *Id*. "There are no hard and fast rules governing the economic provisions in a dissolution action; each decision depends upon the unique circumstances and facts relevant to each issue." *In re Marriage of Gaer*, 476 N.W.2d 324, 326 (Iowa 1991).

## DISCUSSION

### I.   Property Settlement

We begin by addressing Dawson's argument that the district court erred when it awarded Duke the $57,536 lump sum payment. Iowa Code section 598.21(5) (2022) requires the court to "divide all property, except inherited property or gifts received or expected by one party, equitably between the parties." Inherited property is typically "awarded to the individual spouse who owns the property, independent from the equitable distribution process." *In re Marriage of Schriner*, 695 N.W.2d 493, 496 (Iowa 2005). But "this exclusion is not absolute," and a court may divide inherited property if equity demands such a division. *See id*. "When deciding whether to divide appreciation on inherited property, we must determine whether the appreciation which occurred during the marriage was fortuitous or due to the efforts of the parties." *In re Marriage of Richards*, 439 N.W.2d 876, 882 (Iowa Ct. App. 1989).

The district court in this case considered the increase in assessed value of the property from $161,600 in 2016 to $276,800 in 2024. Considering the

4

property improvements that Duke contributed funds toward and the labor and materials provided by Duke's father, the district court determined that it would be inequitable to exclude the martial home from the property division. Instead, the district court determined that the value of the property would be $115,200, as the inheritance funds that Dawson used to purchase the property should be offset. Therefore, the district court awarded Duke 50% of this assessed value, or $57,536.

Upon our review, we find this property division to be equitable because this home was the parties' primary residence for the entirety of the marriage. We agree that the record supports a finding by the district court that Duke and her father made substantial contributions to the property including upgraded lighting, bathroom remodel, vents, basement remodeling, among other things. And we conclude that the district court's property division is equitable. *See In re Marriage of Calhoun*, No. 13–0697, 2014 WL 250240, at *3 (Iowa Ct. App. Jan. 23, 2014) (awarding husband part of increase in value of wife's gifted farmland because of the husband's "contributions to the farmland by expending money and labor improving the property—improvements which increased the value"); *In re Marriage of Creese*, No. 23-1114, 2024 WL 3287566, at *5 (Iowa Ct. App. July 3, 2024) (affirming a property settlement for an eight-year marriage where the parties lived in the home for most of the marriage).

Because we find no error in the district court's calculation of the martial home's value or the lump sum payment in the amount of $57,536 to Duke, we affirm the district court's decree.

## II.    Appellate Attorney Fees

Next, Duke requests appellate attorney fees. An award of appellate attorney fees is not a matter of right but rests in this court's discretion. *See*

*In re Marriage of Towne*, 966 N.W.2d 668, 680 (Iowa Ct. App. 2021). Our "controlling considerations" are the parties' relative financial positions, but we also consider the merits of the appeal and "whether a party has been obliged to defend the trial court's decision on appeal." *In re Marriage of Michael*, 839 N.W.2d 630, 639 (Iowa 2013). Because Duke was required to defend the appeal and prevailed, we find an award of $3,189 in appellate attorney fees is appropriate based on an affidavit submitted by Duke's attorney.

## CONCLUSION

Because we find the district court's valuation of the martial home and lump sum to Duke to be equitable, we affirm. We additionally award Duke $3,189 in attorney fees.

**AFFIRMED.**